**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OSIEL RODRIGUEZ,

      Plaintiff–Appellant,

      v.

GENERAL COUNSEL FOR THE
FEDERAL BUREAU OF PRISONS;
MICHAEL K. NALLY, Regional
Director for the Federal Bureau of
Prisons Central Regional Office, and
One Unknown Named Employee of the
Federal Bureau of Prisons
U.S.P.–ADX Florence,

      Defendants–Appellees.

No. 08-1364

(D.C. No. 08–CV–01754–ZLW)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Plaintiff, a federal prisoner, filed a *pro se* complaint pursuant to *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

in which he asserted that his First and Fifth Amendment rights were violated in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument

connection with a prison disciplinary proceeding. The district court concluded that Plaintiff's claims were without legal merit and accordingly dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff raises two issues on appeal. First, he reasserts the Fifth Amendment due process claim he raised below. Second, he claims that Defendants' actions violated the double jeopardy clause of the Constitution. Because Plaintiff did not raise this second issue before the district court, we do not consider it on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). We thus consider only whether the district court erred in finding that Plaintiff's due process claim was without legal merit.

The Supreme Court has held that a prisoner's due process rights will not generally be implicated by disciplinary actions that do not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, the disciplinary sanctions at issue consisted of a sixty-day denial of commissary and telephone privileges. Cases from this and other circuits indicate that this denial is not sufficiently severe to create a protected liberty interest. *See, e.g.*, *Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villareal v.*

*Harrison*, No. 99-1268, 1999 WL 1063830, at *2 & n.1 (10th Cir. Nov. 23, 1999) (concluding that conditions of prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were not so different as compared with normal incidents of prison life as to give rise to a protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions).

In light of these cases, and in the absence of any other allegations suggesting the existence of an atypical and significant hardship in the conditions of Plaintiff's confinement, we conclude that Plaintiff's complaint failed to assert a protected liberty interest. Therefore, under *Sandin*, the district court correctly concluded that Plaintiff was not entitled to procedural due process protections in the disciplinary proceedings at issue. *See Sandin*, 515 U.S. at 487; *see also Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.")

Because Plaintiff's complaint did not demonstrate the existence of a liberty interest warranting due process protection, we **AFFIRM** the district court's

dismissal of the complaint. We **GRANT** Plaintiff's motion to proceed on appeal without prepayment of costs or fees and remind him that he is obligated to continue making partial payments until the entire fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge